# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SU ZHOU TIAN LU STEEL CO., LTD.<br>Fuqiao Town, Tai Chang,<br>Su Zhou, 21534, China,<br><br>        Petitioner,<br><br>v.<br><br>SHERMAN INTERNATIONAL CORPORATION,<br>367 Mansfield Avenue<br>Pittsburgh, PA 15220,<br><br>        Respondent. | CASE NO. _____<br><br>District Judge:_____ |

## COMPLAINT/PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Su Zhou Tian Lu Steel Co., Ltd. ("Su Zhou Tian Lu Steel"), by and through its undersigned counsel, White and Williams LLP, hereby files the following Complaint/Petition to Confirm Arbitration Award:

    1.    The Petitioner, Su Zhou Tian Lu Steel, is a company duly incorporated under the laws of China, with a principal place of business located at Fuqiao Town, Tai Chang, Su Zhou, 21534, China.

    2.    Su Zhou Tian Lu Steel is engaged in the business of manufacturing steel products.

    3.    The Respondent, Sherman International Corporation ("Sherman International"), is a Pennsylvania corporation with a principal place of business located at 367 Mansfield Avenue, Pittsburgh, PA 15220.

    4.    Su Zhou Tian Lu Steel and Sherman International entered into a series of contracts for the sale of the Blawnox Duo Cold Mill located in Burns Harbor, Indiana.

5. Specifically, on or about November 15, 2003, Su Zhou Tian Lu Steel and Sherman International entered into two contracts pursuant to which Sherman International agreed to sell to Su Zhou Tian Lu Steel the Blawnox Duo Cold Mill and also supply Su Zhou Tian Lu Steel with software and manuals related to a roll coolant system and Shape control system developments for a 2 stand cold rolling mill.

6. A true and correct copy of the contracts between Su Zhou Tian Lu Steel and Sherman International referenced in the preceding paragraph are attached hereto as Exhibits "A" and "B."

7. Pursuant to both contracts between Su Zhou Tian Lu Steel and Sherman International, all disputes that could not be resolved amicably by the parties were to be submitted to arbitration performed by the Arbitration Institute of the Stockholm Chamber of Commerce in Stockholm, Sweden. See Exhibit "A" hereto at Section 6 and Exhibit "B" hereto at Section 11.

8. Su Zhou Tian Lu Steel and Sherman International agreed that any arbitral award of the Arbitration Institute of the Stockholm Chamber of Commerce was to be "final and binding upon both parties." See Exhibit "A" hereto at Section 6 and Exhibit "B" hereto at Section 11.

9. Sherman International breached its contracts with Su Zhou Tian Lu Steel.

10. Su Zhou Tian Lu Steel commenced an arbitration against Sherman International in the Arbitration Institute of the Stockholm Chamber of Commerce on or about October 4, 2004.

11. An oral hearing related to the arbitration took place in Stockholm, Sweden on or about March 9 and 10, 2006.

12. On or about June 2, 2006, the Arbitration Institute of the Stockholm Chamber of Commerce rendered a Final Award in favor of Su Zhou Tian Lu Steel and against Sherman

PHLDMS1 4445082v.1

International in the amount of $891,000.00 plus interest accruing at the LIBOR rate until full payment has been made.

13. A true and correct copy of the Final Award rendered by the Arbitration Institute of the Stockholm Chamber of Commerce is attached hereto as Exhibit "C."

14. The 12-month LIBOR rate as of June 4, 2006 (the first business day following the Final Award) was 5.44%.

15. The first year's interest on $891,000 at the 5.44% LIBOR rate was $48,470.40. The second year's interest on $939,470.40 at the 5.44% LIBOR rate was $51,107.19.

16. Accordingly, as of June 2, 2008, the total amount due and owing to Su Zhou Tian Lu Steel from Sherman International stemming from the Final Award was $990,577.59.

17. The daily interest that continues to accumulate at the 5.44% LIBOR rate after June 2, 2008 (during the third year since the Final Award was rendered) is approximately $147.64.

18. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and 9 U.S.C. § 201 et seq. Under 9 U.S.C. § 203 and 9 U.S.C. § 207, federal district courts have original jurisdiction over actions to confirm an arbitral award as against any other party to an arbitration made pursuant to an agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958.

19. Article I of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, to which both the United States and Sweden are signatories, states that it "shall apply to the recognition and enforcement of arbitral awards made in the

territory of a State other than the State where the recognition and enforcement of such awards are sought," as is the case here.

20. To date, Sherman International has not paid any portion of the final arbitration award due and owing to Su Zhou Tian Lu Steel.

WHEREFORE, Petitioner Su Zhou Tian Lu Steel demands judgment against Respondent Sherman International, confirming the final arbitration award, and awarding Petitioner the following:

A. $891,000.00;

B. interest on $891,000.00 at the LIBOR rate from June 2, 2006 to the date of judgment (which was a total of $99,577.59 as of June 2, 2008 and continues to accumulate at the daily rate of $147.64); and

C. any such further relief that the Court shall determine is just and proper.

Respectfully submitted,

WHITE AND WILLIAMS LLP

Dated: June 26, 2008   By:   /s/ Richard M. Jordan
                             Richard M. Jordan, Esq.
                             Attorney ID: 15759
                             White and Williams LLP
                             1800 One Liberty Place
                             Philadelphia, PA 19103-7395
                             Telephone: (215) 864-7106
                             Facsimile: (215) 789-7606

PHLDMS1 4445082v.1