**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SU ZHOU TIAN LU STEEL CO., LTD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:08-cv-883** |
| **v.** | ) | |
| | ) | |
| **SHERMAN INTERNATIONAL** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM ORDER

Pending before the Court is the MOTION FOR JUDGMENT ON THE PLEADINGS (Document No. 11) filed by Plaintiff Su Zhou Tian Lu Steel Co., Ltd. ("Tian Lu"). The motion has been thoroughly briefed (Document Nos. 12, 14, 15, 17) and the Court permitted Defendant to file a sur-reply brief – a request it grants sparingly. The motion is ripe for disposition.

Factual and Procedural Background

This dispute arises from a 2003 transaction between the parties involving the purchase of the Blawnox Duo Cold Mill, a steel mill located in Burns Harbor, Indiana. The relevant contracts, attached as Exhibits A and B to the Complaint, provided that all disputes were to be submitted to arbitration performed by the Arbitration Institute of the Stockholm Chamber of Commerce in Sweden and that the "arbitral award is final and binding upon both parties."

The parties encountered a dispute resulting from their conflicting expectations as to whether the steel mill at issue was a "cold mill" or a "temper mill." Accordingly, Tian Lu commenced an arbitration proceeding. In summary, Tian Lu contended that Defendant Sherman International Corporation ("Sherman") had misrepresented the capabilities of the steel mill.

Sherman argued, in response, that Tian Lu had previously inspected the mill and had full knowledge of its capabilities. An oral hearing took place in Stockholm, Sweden on March 9-10, 2006. The arbitration panel consisted of Lars Boman, chairman, Dr. Wang Sheng Chang, who was appointed by Tian Lu, and John McGinley, who was appointed by Sherman. Subsequent to the oral hearing, all three panelists discussed, in general terms, the outcome of the case. However, while the chairman was drafting the opinion, Dr. Wang Sheng Chang resigned from his appointment. After communication with the parties, it was determined that the award would be rendered by the remaining two panelists.

On June 2, 2006, the Arbitration Institute issued a "Final Award," which is attached as Exhibit C to the Complaint. Sherman has admitted that Exhibit C is a true and correct copy of the Award. As to the parties' primary dispute, "the Tribunal [found] that Sherman's main position is valid, namely, as is common ground, that Tian Lu appointed Sherman to buy a specific mill which Tian Lu had already inspected. . . ." Award at 16. Thus, Tian Lu was not entitled to avoid the contracts. The Tribunal concluded that the proper consequence was that both parties should perform the contract. Award at 17. However, that was not possible. At page 13 of the Final Award, the following explanation occurred:

> It was not until during the Oral hearing in these arbitral proceedings that it was revealed by Mr. Sharma, the owner of Sherman, that the Mill has been sold to a third party following Tian Lu's avoidance of the Contracts.

> Accordingly, it is incorrect, as stated by Sherman in its reply to Tian Lu's Request for Arbitration, that Sherman stands ready to perform its obligations under the agreements. Sherman is obviously unable to perform under the Contracts by delivering the equipment in the event the Tribunal does not accept that Tian Lu is entitled to avoid the Contracts.

> Under these circumstances, in the event Tian Lu is not entitled to avoid the

Contracts, Sherman should not be entitled to retain what has been paid by Tian Lu, since Sherman would otherwise be unjustly enriched thereby. This would not be in accordance with general principles of equity and fairness.

The Award, page 18, further states:

The Tribunal actively sought a reaction and clear positions from both parties in respect of this new situation. In particular, this included whether, and if so to what extent, Sherman should be entitled to retain what had already been paid by Tian Lu as part payment, now that Sherman is unable to perform under the Contracts. . . . However, both Parties adopted only vague positions in this respect. Tian Lu claimed that under these circumstances Sherman would be unjustly enriched if they were entitled to retain the purchase price paid by Tian Lu. Sherman claimed that it had suffered a loss as a result of the non-fulfillment of the sale but without specifying the extent of this loss.

The Final Award then outlined the applicable legal rules regarding the situation and concluded that "a seller would normally not be entitled to simply retain the purchase price paid in excess of his actual damage, should the buyer's claim for avoidance fail." *Id.*

The Tribunal concluded that neither party had set forth the appropriate positions - Tian Lu relying only on an unjust enrichment argument and "Sherman having failed to provide sufficient information and evidence on the loss of profit claimed." Award at 19. The Tribunal also noted that Sherman had not disclosed the third-party sale of the steel mill until the Oral hearing. Ultimately, the Tribunal concluded "that Sherman be entitled to retain not more than 40% and obliged to refund 60% to Tian Lu of the amounts paid by Tian Lu and, under the special circumstances in this case, with interest only from the date of this Award at the Libor Interest Rate." Thus, Sherman was ordered to refund $891,000.00 to Tian Lu, plus interest.

Sherman has not paid this amount and this lawsuit followed. Plaintiff invokes the Court's jurisdiction to confirm an arbitral award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 et seq.

<u>Legal Analysis</u>

In *Admart AG v. Stephen & Mary Birch Foundation, Inc.*, 457 F.3d 302, 311 (3d Cir. 2006), the Court of Appeals for the Third Circuit explained that confirmation of a petition to enforce a foreign arbitration award should be a "summary proceeding" and is not intended to involve complex factual determinations or extensive judicial review which would frustrate the basic purpose of arbitration – speed, reasonable cost, and avoidance of extended court proceedings. *Id.* The district court's role is limited. The Court concludes that this case can be decided on the pleadings and exhibits attached thereto without the necessity of fact discovery.

Sherman has raised five affirmative defenses, citing Article V of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards: (1) the Final Award deals with a dispute not contemplated by or falling within the terms of the submission to arbitration; (2) the Final Award decided matters beyond the scope of the submission; (3) Sherman was unable to present its case; (4) recognition of the Award would be contrary to public policy; and (5) it was deprived of due process. In essence, Sherman argues that the "sole dispute" submitted to arbitration was whether the steel mill conformed to the contract documents and that once the Tribunal found that Tian Lu's claim failed, the arbitration should have ended. Sherman argues that the dispute regarding the effect of the third-party sale was not ripe and that the issue of damages was not properly decided.

The Court is not persuaded by Sherman's arguments. The parties' contracts provided that "all disputes" were to be submitted to arbitration. The Final Award itemizes the disputes submitted and the scope of the arbitration in this case, including Tian Lu's explicit request for a

refund of the amount it had paid to Sherman.[1]  Award at 6-7.  Sherman's contention that this issue was not within the scope of the arbitration borders on frivolous.  The Tribunal did not simply "describe[] the future claims that the parties may bring," but rather, it made a Final Award directing that Sherman refund to Tian Lu $891,000.00, plus interest.  Award at 21.  This Court will not second-guess the Tribunal's determination that the issue was ripe for disposition.

Moreover, Sherman was given a full and fair opportunity to present its case as to this issue.  When the Tribunal learned of the new information about the third-party sale of the mill, the arbitrators "actively sought a reaction and clear positions from both parties."  Award at 17.[2] Apparently, Sherman made an insufficient response to this request, but the Tribunal recognized that Sherman did respond.[3]   Sherman, which knew about the third-party sale in advance but only disclosed it to the Tribunal during the Oral hearing, was in the best position of any party to consider its implications on the arbitration proceeding.  Sherman's failure to adequately respond to the Tribunal's questions regarding the legal effect of the new factual situation was at its own peril.

Sherman's public policy and due process arguments are similarly without merit.  The Final Award recites the extensive notice and opportunity to be heard, and to present evidence, that was afforded to both parties.  Sherman was represented by counsel, appointed a member of

---

[1]It is noteworthy that the Tribunal that issued the Final Award consisted of the neutral and the panelist chosen by Sherman.

[2]It is simply not accurate that the "sole dispute" in the arbitration was the mill's conformance with the contract, as Sherman now contends.

[3]The Tribunal stated: "Sherman claimed that it had suffered a loss as a result of the non-fulfillment of the sale but without specifying the extent of this loss."  Award at 18.

the Tribunal, presented witnesses, made arguments, and in general, fully participated in the arbitration. Indeed, Sherman prevailed on the "key issue" in the arbitration.[4] Public policy, as embodied in the Federal Arbitration Act, 9 U.S.C. § 207, strongly favors the enforcement of foreign arbitration awards. Article V defenses are to be strictly and narrowly construed. *Admart AG*, 457 F.3d at 308. The convention does not sanction second-guessing of the Tribunal's construction of the parties' agreement. *Id.* Even mistakes of fact and manifest disregard of the law do not justify setting aside a foreign arbitration award. *Id.* In summary, there is no valid basis to refuse to confirm the arbitration award at issue in this case.

In accordance with the foregoing, the MOTION FOR JUDGMENT ON THE PLEADINGS (Document No. 11) filed by Plaintiff Su Zhou Tian Lu Steel Co., Ltd. is **GRANTED**. The Court will enter judgment in favor of Plaintiff Su Zhou Tian Lu Steel Co., Ltd. and against Defendant Sherman International Corporation in the amount of $891,000.00, plus interest at the LIBOR rate from June 2, 2006 to this date of judgment.

SO ORDERED this 27th day of October, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

---

[4] The instant dispute concerns only the subsidiary issue of whether Sherman is entitled to keep Tian Lu's downpayment, given that the steel mill was no longer available. The Tribunal concluded that Sherman could retain 40% of that amount.

cc: Richard M. Jordan, Esquire
Email: jordanr@whiteandwilliams.com
Terry C. Cavanaugh, Esquire
Email: cavanaught@whiteandwilliams.com

Mark A. Grace, Esquire
Email: mgrace@cohenlaw.com